IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ABIRA MEDICAL LABORATORIES LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:24-CV-1248-N |
| | § | |
| IMAGINE 360 ADMINISTRATORS LLC, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

This Order addresses Defendant Imagine 360 Administrators LLC's ("Imagine 360") motion for summary judgment [7]. For the reasons set forth below, the Court partially grants and partially denies the motion. The Court also grants Plaintiff Abira Medical Laboratories d/b/a Genesis Diagnostics ("Genesis") leave to amend to assert a claim for certain benefits specified in this Order.

## I. ORIGINS OF THE MOTION

This is an Employee Retirement Income Security Act ("ERISA") case. 29 U.S.C. § 1001, *et seq.* Genesis is a medical testing laboratory company. Genesis provided lab services to the insured employees of Imagine 360's clients between 2016 and January 2021. Def.'s App. to Notice of Removal 1 [17-1], Pl.'s Original Pet. ¶ 5.2. Imagine 360 is a "third party administrator" that provides services to self-funded employee welfare benefit plans

subject to ERISA.[1] Def.'s Mot. Br. 1 [8]. Imagine 360's clients "were employers who offered health care benefits to their employees and eligible dependents." *Id.* at 2.

Genesis sued Imagine 360 in Texas state court, seeking to recover unpaid and underpaid benefits from lab services that Genesis provided to Imagine 360's subscriber patients. Pl.'s Original Pet. ¶ 5.3. Genesis sued for three claims: (1) breach of contract, (2) account stated, and (3) quantum meruit.[2] Genesis's causes of action involve "224 separate health care claims involving 60 separate self-funded plans and 64 distinct plan documents." Def.'s Notice of Filing Suppl. Evid. 1 [22]. In its supplemental filing, Imagine 360 notes that it could not identify coordinating employee welfare benefit plans for 28 of the health care claims associated with Genesis's causes of action. *Id.* Imagine 360 then removed the case to this Court and argued that each of Genesis's claims is preempted under ERISA. Def.'s Notice of Removal 2 [1].

## II. SUMMARY JUDGMENT LEGAL STANDARD

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). In making this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The moving party bears the initial

---

[1] In its original complaint, Genesis sued Group & Pension Administrators, Inc. ("GPA"). Pl.'s Original Pet. ¶ 3.2. GPA changed its name to Imagine 360 Administrators, LLC in 2021. Thus, the Court refers to defendant under its current registered agent name, Imagine360.

[2] Genesis conceded the quantum meruit claim. Pl.'s Resp. Br. 2 [15].

burden of informing the court of the basis for its belief that there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When a party bears the burden of proof on an issue, "he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). When the nonmovant bears the burden of proof, the movant may demonstrate entitlement to summary judgment either by (1) submitting evidence that negates the existence of an essential element of the nonmovant's claim or affirmative defense, or (2) arguing that there is no evidence to support an essential element of the nonmovant's claim or affirmative defense. *Celotex*, 477 U.S. at 322–25.

Once the movant has made this showing, the burden shifts to the nonmovant to establish that there is a genuine issue of material fact so that a reasonable jury might return a verdict in its favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87(1986). Moreover, "[c]onclusory allegations, speculation, and unsubstantiated assertions" will not suffice to satisfy the nonmovant's burden. *Bargher v. White*, 928 F.3d 439, 444 (5th Cir. 2019) (citation omitted). Factual controversies are resolved in favor of the nonmoving party "only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999) (citing *McCallum Highlands, Ltd. v. Wash. Cap. Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995)).

### III. THE COURT PARTIALLY GRANTS IMAGINE 360'S MOTION

Imagine 360 seeks summary judgment that on the grounds that each of Genesis's state law claims are preempted by ERISA. Def.'s Mot. Br. 3–6. "There are two types of ERISA preemption — complete and conflict." *Garcia v. Am. United Life Ins. Co.*, 422 F. App'x 306, 308 (2011).

Complete preemption "confers exclusive federal jurisdiction in certain instances where Congress intended the scope of a federal law to be so broad as to entirely replace any state-law claim." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.,* 581 F.3d 941, 945 (9th Cir.2009) (citing *Franciscan Skemp Healthcare, Inc. v. Cent. States Joint Bd. Health & Welfare Trust Fund,* 538 F.3d 594, 596 (7th Cir. 2008)). "The complete preemption doctrine permits removal to federal court of certain state law claims that fall within the ambit of Section 1132(a)" of ERISA. *Mid-Town Surgical Ctr., L.L.P. v. Humana Health Plan of Texas, Inc.*, 16 F. Supp. 3d 767, 779 (S.D. Tex. 2014)*; see also McKnight v. Dresser, Inc.*, 676 F.3d 426, 430 (5th Cir. 2012) ("Unlike ordinary preemption, complete preemption is jurisdictional in nature, and as such it authorizes removal to federal court even if the complaint is artfully pleaded to include solely state law claims.")

Conflict preemption is governed by Section 1144(a), which provides that ERISA supersedes "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ." 29 U.S.C. § 1144(a). To establish conflict preemption, a defendant must prove: "(1) the state law claims address an area of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) the claims directly affect the relationship among traditional ERISA entities — the employer,

the plan and its fiduciaries, and the participants and beneficiaries." *Memorial Hospital System v. Northbrook Life Ins. Co.,* 904 F.2d 236, 245 (5th Cir. 1990).

### *A. The Court Denies Summary Judgment for the Twenty-eight Unidentified Plan Claims and the Four Exempt Plans*

First, the Court denies summary judgment as to health care claims related to the four group health plans maintained by the City of Ennis, the City of Sherman, Eagle Pass Independent School District, and Insight for Living. Def.'s Notice of Filing Suppl. Evid. 1. Each of these plans is maintained and administered for employees of governmental entities and a church organization, which are expressly exempt from ERISA. *See* 29 U.S.C. § 1003(b)(1)–(b)(2); *Cath. Charities of Maine, Inc. v. City of Portland*, 304 F. Supp. 2d 77, 90 (D. Me. 2004) (concluding that an organization was associated with a church, so as to have its health benefit plans treated as a "church plan" that was exempt from ERISA); *Crosby v. Cal. Physicians' Serv.*, 279 F. Supp. 3d 1074, 1080 (C.D. Cal. 2018) ("While ERISA generally governs employee group health plans, ERISA does not apply to any employee benefit plan if . . . such plan is a governmental plan.") (internal citations omitted).

The Court also denies summary judgment as to the twenty-eight health care claims that Imagine 360 "could not identify any applicable plan documents for." Def.'s Notice of Filing Suppl. Evid. 1. Without evidence of the plans associated with those claims, Imagine 360 has not met "its initial burden of informing the Court of the basis for its belief that there is no genuine issue of fact for trial," *Celotex*, 477 U.S. at 323, or that "there is an absence of evidence necessary to prove a specific element of the case." *Thomas v. Barton Lodge II, Ltd.*, 17 F.3d 636, 644 (5th Cir. 1999) (citing *id.* at 322–23).

### *B. Imagine360 is a Proper Defendant*

First, the Court concludes that Imagine 360 is a proper defendant in this litigation. "The proper defendant in an ERISA claim for wrongful denial of benefits is the party that controls administration of the plan[.]" *LifeCare Mgmt. Servs., LLC v. Ins. Mgmt. Adm'rs Inc.*, 703 F.3d 835, 844 (5th Cir. 2013); *see also Staropoli v. Metro. Life Ins. Co.*, 465 F. Supp. 3d 501, 510 (E.D. Pa. 2020) ("Exercising control over the administration of benefits is the defining feature of the proper defendant under 29 U.S.C. § 1132(a)(1)(B).") (internal citations omitted).

Imagine 360 argues that it is not a proper defendant "because it did not possess final authority over benefit determinations for its ERISA plan clients and it was not obligated or responsible for paying benefits under those ERISA plans." Def.'s Mot. Br. 6–7. However, Genesis alleges and asserts evidence to suggest that Imagine 360 was a "party responsible for reviewing [Genesis's] claims, administering the insureds' plans, and paying benefits for laboratory testing services rendered by" Genesis. Pl.'s Resp. 10; *see also* Pl.'s App. to Resp. Ex. 4 (detailing Genesis's invoices to Imagine 360 for rendered services, including billed amounts to Imagine 360 as an insurer and payor) [16]. Thus, the Court concludes that there is a genuine dispute of material fact as to whether Imagine 360 maintained control over administration of claims under the plans. Accordingly, the Court finds that Imagine 360 is a proper defendant.

### *C. Genesis's Breach of Contract Claim is Preempted by ERISA*

The Fifth Circuit has held that breach of contract claims are preempted by ERISA when the plaintiff "seeks to recover benefits owed under the plan to a plan participant who

has assigned her right to benefits to the [administrator].” *Transitional Hosps. Corp. v. Blue Cross & Blue Shield of Texas, Inc.*, 164 F.3d 952, 954 (5th Cir. 1999) (citing *Hermann Hosp. v. MEBA Medical & Benefits Plan*, 845 F.2d 1286, 1290 (5th Cir. 1988). Here, Genesis argues that Imagine 360’s clients assigned benefits to Genesis under their employee health care plans and seeks to recover payment as the assignee of those benefits from Imagine 360, the plans’ administrator. Pl.’s Original Pet. ¶ 6.2; *see also* Def.’s Mot. Br. 5. Accordingly, the Court concludes that Genesis’s breach of contract claim is preempted by ERISA.

### *D. Genesis’s Account Stated Claim is Preempted by ERISA*

The Fifth Circuit has not ruled on whether an account stated claim is a state law claim that is generally preempted by ERISA. However, the Supreme Court has provided guidance that “Congress enacted ERISA to protect . . . the interests of participants in employee benefit plans and their beneficiaries by setting out substantive regulatory requirements for employee benefit plans and to provid[e] for appropriate remedies, sanctions, and ready access to the Federal courts.” *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (U.S. 2004) (internal citation omitted). Therefore, “any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted.” *Id.* at 209.

To state a claim for account stated, Genesis must allege: (1) its transactions with Imagine 360 “gave rise to the indebtedness; (2) an agreement, express or implied, (3) [Imagine 360] made an express or implied promise to pay the indebtedness.” *Walker v.*

*Citibank, N.A.*, 458 S.W.3d 689, 692 (Tex. App. — Eastland 2015, no pet.). Genesis alleges that Imagine 360 owes $482,701.00. Pl.'s Original Pet. ¶ 6.1. Genesis further alleges that Imagine 360 "breached its payment obligations . . . by refusing to pay, or underpay, thousands of claims which were timely tendered for Laboratory Testing Services rendered from January 2016 through December 2021." *Id.* The Court determines that Genesis's account stated claim seeks to rectify a wrongful denial of benefits promised under ERISA-regulated plans. Therefore, the account stated claim is related to the ERISA plans, and the Court determines that this claim is preempted by ERISA. *Hook v. Morrison Milling Co.*, 38 F.3d 776, 785 (5th Cir. 1994) (holding that "a law or claim is preempted when it relates to an ERISA plan").

### *E. The Court Grants Leave to Amend Regarding the Remaining Benefit Claims*

Finally, Imagine 360 moves for summary judgment on Genesis's state law claims, arguing that they fail as a matter of law. Def.'s Mot. Br. 7–10. However, the Court determines that there is an insufficient record to rule on the remaining state law claims for the four ERISA-exempt plans and the twenty-eight healthcare claims that Imagine 360 did not provide evidence for. In particular, the Court cannot determine whether Genesis's causes of actions for 28 health care claims are preempted by ERISA without reviewing the plans associated with those claims. Additionally, the record lacks evidence to support or contradict Genesis's causes of action associated with the four ERISA-exempt plans, such as evidence explaining Imagine 360's specific role as a claim administrator. The Court thus grants Genesis leave to amend its petition to assert a claim for the benefits associated with those health care claims.

## CONCLUSION

The Court denies Imagine 360's motion for summary judgment as to the four plans exempted from ERISA and the twenty-eight health care claims for which Imagine 360 lacked evidence. The Court grants Imagine 360's motion as to remaining 19 breach of contract and account stated claims. Finally, the Court grants Genesis leave to amend its petition to assert a claim for benefits as specified in this Order. Genesis has thirty (30) days from the date of this Order to submit its amended petition.

Signed August 19, 2026.

David C. Godbey
Senior United States District Judge